PALMER, J.
Russell McDaniel appeals the final judgment entered by the trial court in favor of Connie Carpenter following a non-jury trial. We affirm, but remand for the entry of an amended final judgment which clarifies the extent of McDaniel’s liability for payment of the judgment.
Carpenter filed suit against McDaniel alleging that he failed to make payment on a series of promissory notes following her demand for such payment. Prior to trial, McDaniel stipulated that he signed the notes, he made no payments on the notes, Carpenter possessed the notes, and Carpenter did not cancel or forgive them. At trial McDaniel testified that the parties had orally agreed that he would not be required to pay on the notes “out of his pocket,” but payment would be required only if dividends were distributed on certain stock that was closely held by the parties. McDaniel maintained that payment was not required because stock dividends had never been distributed. Carpenter denied that she had orally agreed to so limit her recourse for payment on the notes and asserted that she was entitled to look to McDaniel’s stock, as well as the dividends paid on the stock, for payment. Based upon the parties’ testimony, the trial court ruled that the promissory notes evidenced a valid debt and that the parties had agreed that the debt could be paid out of the stock and stock dividends of McDaniel. McDaniel challenges this ruling, claiming two errors were committed by the trial court.
First, McDaniel contends he was entitled to receive a defense verdict because Carpenter’s claim for non-payment on the promissory notes was based upon an unconditional promise to pay, yet the trial court orally pronounced that the notes were payable only from stock or stock dividends, thus rendering them conditional. We disagree. Contrary to McDaniel’s contention, the trial court did not rule that the validity of the notes was conditioned upon the payment of dividends, but rather that the notes evidenced a valid debt which could be satisfied only from particular assets, McDaniel’s stock and stock dividends. This finding was supported by the evidence.
McDaniel next contends that the final judgment is ambiguous with regard to his personal liability. We agree.
Carpenter concedes that McDaniel is not personally liable for payment on the notes and thus, in seeking enforcement of her judgment, she is limited to execution upon his stock and stock dividends. The trial court expressly indicated its intent to limit Carpenter’s recovery to McDaniel’s stock and stock dividends by striking through and then initialing a sentence in the final judgment which stated: “[I]f execution upon this stock or stock hold interest is insufficient to satisfy the judgment in full, Connie Carpenter may seek leave of the court to pursue execution on other property or t assets of Russell McDaniel which are subject to execution under Florida Law.” However, additional language contained in the final judgment improperly implies that McDaniel can be held personally liable for payment on the notes. Paragraph three of the final judgment references the entry of a final judgment for a set sum “for which let execution issue.” This language could be construed as authorizing Carpenter to execute on McDaniel’s personal property. Further ambiguity is created by the language in paragraph four which states that Carpenter must “first” pursue execution against McDaniel’s stock. This language implies that, in the event of a deficiency, Carpenter would be entitled to execute on McDaniel’s personal property. Because it is clear that the trial court intended, and the parties agreed, that *519 McDaniel would not be held personally liable for payment on the notes and that Carpenter is limited to executing upon McDaniel’s stock and stock dividends in order to enforce the final judgment, we vacate the final judgment and remand this matter for entry of an amended judgment which accurately reflects the court’s intent.
AFFIRMED but REMANDED for entry of an amended final judgment.
SHARP, W., and PLEUS, JJ., concur.